UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WE 3 KINGS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE STEVE HARVEY SHOW, *et al.*,<br><br>    Defendants. | Case No.: CV14-08816-DSF (ASx)<br><br>[~~PROPOSED~~] ADDENDUM TO PROTECTIVE ORDER |

**A.  REQUEST FOR ISSUANCE OF ADDENDUM.**

On or about February 5, 2016, the Court entered the parties' Stipulated Protective Order (the "Protective Order") in this action. In the Protective Order, the parties acknowledged that they intended to meet and confer at a later date to address the designation of certain documents as either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY." After meeting and conferring, the parties were unable to reach an agreement regarding such designation of documents and requested a telephonic conference before Magistrate Judge Sagar. By Minute Order dated August 17, 2016 (ECF Dkt. No. 137), Judge Sagar directed counsel for Defendants to e-mail a Proposed Addendum to the Protective Order for the Court's consideration. Accordingly, Defendants hereby

Loeb & Loeb
A Limited Liability Partnership Including Professional Corporations

10644750.1
222309-10004

PROPOSED ADDENDUM TO
PROTECTIVE ORDER

submit this Proposed Addendum to Protective Order (the "Addendum"), and request that the parties be permitted to mark and designate discovery material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY ("AEO") pursuant to this Order.

**B.     GOOD CAUSE STATEMENT.**

Defendants anticipate that the exchange of information in this case may include documents that constitute non-public, highly sensitive financial information regarding revenues, expenses and profits generated in connection with the works at issue, the disclosure of which could cause competitive harm to the Defendants in this action. Defendants also anticipate that the exchange of information in this case may include non-public license agreements, the disclosure of which would potentially disrupt existing relationships established by the parties and/or cause competitive harm to the disclosing parties. Defendants also seek to protect all confidential and proprietary business or commercial information or trade secrets within the meaning of Fed. R. Civ. P. 26(c) or California Civil Code § 3426.1.

Accordingly, Defendants seek to protect the following categories of documents and/or information pursuant to the Addendum:

1.     All non-public license agreements;

2.     Any and all documents to be produced in response to Plaintiff's Request for Production No. 78, which seeks agreements and related documents concerning the acquisition of rights to, and the use of any music relating to, the Steve Harvey Show (to the extent not covered by category 1); and

3.     Any and all documents produced in response to Plaintiff's Requests for Production Nos. 84-93 and 136, which seek documents concerning gross revenues, expenses, license fees, advertising revenues, syndication or distribution fees, profits or losses, relating to the Steve Harvey Show.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10644750.1
222309-10004

It is Defendants' intent that information will not be designated as AEO for tactical reasons and that nothing be so designated without a good faith belief that it includes non-public, competitively-sensitive material or information.

### C. ACCESS TO AND USE OF PROTECTED MATERIAL

1. <u>Terms and Definitions</u>. This Order shall constitute an addendum to the Protective Order, and the terms and definitions stated in the Protective Order shall apply to this addendum unless otherwise specified by the Court or the parties.

Unless otherwise provided for herein, the marking and designation of Protected Material as either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY" shall be performed in the same manner specified in the Protective Order. Further, such documents, subject to the restrictions stated herein, shall be handled and disposed of in the manner delineated in the Protective Order.

2. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel of the Receiving Party directly assisting that Party's outside counsel in the defense of this Action as well as employees of said House Counsel or Record's to whom it is reasonably necessary to disclose the information for this Action;

(c) Experts (as defined in the Stipulated Protective Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10644750.1
222309-10004

and Agreement to Be Bound" (Exhibit A), and who are not known to be competitors of any party or employed by a competitor of any party;

(d) the Court and its personnel;

(e) court reporters or videographers selected by the parties, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for such witnesses, in the Action to whom disclosure is reasonably necessary, provided that (1) counsel for the Designating Party shall be informed that the witness will be shown such Protected Material before the designated information is shown to the witness, to give counsel for the designating party an opportunity to object, (2) if an objection to showing the designated information to the witness is made, the designated material shall not be shown to the witness until the Court rules on the objection; and (3) if the witness is to be shown such Protected Material, the witness and the witness's attorney shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order); and (4) the witness and the witness's attorney will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided that they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order).

3. <u>Filing Protected Material</u>. For the avoidance of doubt, as stated in the Protective Order, a Party that seeks to file under seal any Protected Material, including HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10644750.1
222309-10004

must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  August 26, 2016

                                      / s /

Honorable Alka Sagar
United States Magistrate Judge

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

10644750.1
222309-10004