| | |
|---|---|
| 1 | BARRY I. SLOTNICK (*Pro Hac Vice*) |
|  | bslotnick@loeb.com |
| 2 | DAVID GROSSMAN (SBN 211326) |
|  | dgrossman@loeb.com |
| 3 | EDWARD K. LEE (SBN 294954) |
|  | elee@loeb.com |
| 4 | LOEB & LOEB LLP |
|  | 10100 Santa Monica Blvd., Suite 2200 |
| 5 | Los Angeles, CA 90067-4120 |
|  | Telephone: 310.282.2000 |
| 6 | Facsimile: 310.282.2200 |
| 7 | Attorneys for Defendants |
| 8 | DEEP DISH PRODUCTIONS OF CHICAGO, LLC; ENDEMOL USA HOLDINGS, INC.; BEAUTIFUL DAY PRODUCTIONS, LLC; STEVE HARVEY; ALEX DUDA; RUSHION MCDONALD; NBCUNIVERSAL MEDIA, LLC; TEGNA INC. (sued incorrectly as Gannett Company, Inc.); HEARST TELEVISION INC. (sued incorrectly as Hearst Television, Inc.); MEDIA GENERAL, INC.; LIN TELEVISION CORPORATION; LOCAL TV, LLC; NEXSTAR BROADCASTING GROUP, INC.; SINCLAIR BROADCAST GROUP, INC.; TIME WARNER CABLE, INC.; DIRECTV, LLC; AT&T SERVICES, INC. (sued incorrectly as AT&T Corporation); COMCAST CORPORATION; COX MEDIA GROUP, LLC (sued incorrectly as Cox Media Group, Inc.); DISH NETWORK L.L.C. (sued incorrectly as Dish Network, LLC); RCN TELECOM SERVICES, LLC (sued incorrectly as RCN Corporation); VERIZON CORPORATE SERVICES GROUP INC. (sued incorrectly as Verizon Communications, Inc.); UP ENTERTAINMENT, LLC; TRIBUNE BROADCASTING COMPANY, LLC; CHARTER COMMUNICATIONS, INC.; BRIGHT HOUSE NETWORKS, LLC; RAYCOM MEDIA, INC.; AND FRONTIER COMMUNICATIONS CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| WE 3 KINGS, INC., | ) | Case No. CV 14-08816-DSF (ASx) |
|  | ) | Hon. Dale S. Fischer |
| Plaintiff, | ) |  |
|  | ) | **DECLARATION OF EDWARD K.** |
| v. | ) | **LEE IN SUPPORT OF** |
|  | ) | **DEFENDANTS' MOTION FOR** |
| THE STEVE HARVEY SHOW, *et al.*, | ) | **SUMMARY JUDGMENT** |
|  | ) |  |
| Defendants. | ) | *[Filed concurrently: Notice of Motion* |
|  | ) | *and Motion for Summary Judgment;* |
|  | ) | *Memorandum of Points and Authorities;* |
|  | ) | *Supporting Declarations; Separate* |
|  | ) | *Statement of Uncontroverted Facts and* |
|  | ) | *Conclusions of Law; [Proposed]* |
|  | ) | *Judgment]* |
|  | ) |  |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

1
2  DATE:   June 26, 2017
   TIME:   1:30 p.m.
3  CRTRM.: 7D - 1st Street Courthouse
4
   Complaint filed: November 13, 2014
5  Pre-trial Conf.: September 11, 2017
   Trial Date: October 10, 2017

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

## DECLARATION OF EDWARD K. LEE

I, Edward K. Lee, declare:

1. I am an attorney at law licensed to practice before all of the Courts of the State of California, and before this Court. I am an associate in the law firm of Loeb & Loeb LLP, counsel for Defendants[1]. I have personal knowledge of all of the following facts and, if called as a witness, could and would competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the transcript of the April 28, 2017, deposition of William Brandt.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff We3Kings, Inc.'s Statement and Designation by Foreign Corporation, bearing a "filed" date of March 26, 2004, retrieved from the office of the California Secretary of State.

4. Attached hereto as **Exhibit 3** is a true and correct copy of W3K's First Amended Complaint in this case, filed October 9, 2015 (Dkt. No. 73).

5. Attached hereto as **Exhibit 4** is a true and correct copy of a screenshot of www.we3kings.com/w3k_catalog-action.shtml, printed on December 22, 2016.

---

[1] Deep Dish Productions of Chicago, LLC; Endemol USA Holding, Inc.; Beautiful Day Productions, LLC; Steve Harvey; Alex Duda; Rushion McDonald; NBCUniversal Media, LLC; Tegna Inc. (sued incorrectly as Gannett Company, Inc.); Hearst Television Inc. (sued incorrectly as Hearst Television, Inc.); Media General, Inc.; LIN Television Corporation; Local TV, LLC; Nexstar Broadcasting Group, Inc.; Sinclair Broadcast Group, Inc.; Time Warner Cable, Inc.; DirecTV, LLC; AT&T Services, Inc. (sued incorrectly as AT&T Corporation); Comcast Corporation; Cox Media Group, LLC (sued incorrectly as Cox Media Group, Inc.); Dish Network L.L.C. (sued incorrectly as Dish Network, LLC); RCN Telecom Services, LLC (sued incorrectly as RCN Corporation); Verizon Corporate Services Group Inc. (sued incorrectly as Verizon Communications, Inc.); UP Entertainment, LLC; Tribune Broadcasting Company, LLC; Charter Communications, Inc.; Bright House Networks, LLC; Raycom Media, Inc.; and Frontier Communications Corporation (collectively "Defendants"). The remaining defendant named in Plaintiff's complaint, "The Steve Harvey Show," is not a business entity (at least not to Defendants' knowledge).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

1

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

6. Attached hereto as **Exhibit 5** is a true and correct copy of an email thread, dated July 26, 2012, between Mr. Volpone, William "Bill" Brandt, Walter Brandt, and others.

7. Attached hereto as **Exhibit 6** is a true and correct copy of an email thread, dated July 30, 2012, through August 11, 2012, between Mr. Volpone, Bill Brandt, Walter Brandt, and others.

8. Attached hereto as **Exhibit 7** is a true and correct copy of an email thread, dated August 13, 2012, wherein Mr. Volpone sends an email to Joel Wertman, which Mr. Wertman forwards to Bill Brandt. The email from Mr. Wertman to Bill Brandt includes an attachment titled "SHS We 3 Kings License," but the attachment was not produced to Defendants, despite requests therefor.

9. Attached hereto as **Exhibit 8** is a true and correct copy of an email, dated August 27, 2012, between Mr. Volpone, Bill Brandt, and Walter Brandt.

10. Attached hereto as **Exhibit 9** is a true and correct copy of a "Resolution to Remove from Office" dated August 28, 2012.

11. Attached hereto as **Exhibit 10** is a true and correct copy of an email thread, dated September 23, 2012, and September 24, 2012, between Joe Brandt, Bill Brandt, Walter Brandt, and others.

12. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of the transcript of the April 28, 2017, deposition of Walter Brandt.

13. Attached hereto as **Exhibit 12** is a true and correct copy of Plaintiff's Further Response to Interrogatory 1(a) from Defendant [Endemol's] First Set of Interrogatories (the "Further Response"). Included with Exhibit 12 are true and correct copies of print-outs of the three spreadsheets (labeled by Plaintiff as Exhibits A, B, and C) that Plaintiff's counsel provided in digital form along with the Further Response. Exhibit A to the Further Response purports to be a list of "sound recordings (and therefore embodied musical compositions) downloaded from We 3 Kings library by Jonna Walsh." Exhibit B to the Further Response purports to be a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

2

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

list of "works from We 3 Kings library infringed by unauthorized use in various episodes of the Steve Harvey Show." Exhibit C to the Further Response purports to be a list of "We 3 Kings library information as of 07 07 16."

14. Attached hereto as **Exhibit 13** is a true and correct copy of a printout from W3K's Facebook page, showing a post dated January 17, 2014.

15. Attached hereto as **Exhibit 14** are true and correct copies of excerpts of SESAC royalty statements produced by Plaintiff during this litigation, covering the periods from the first-quarter of 2013 through the fourth-quarter of 2014. Although these royalty statements list the SESAC affiliate as "WE3SONGS," Plaintiff has not produced documents evidencing the relationship between that entity and itself.

16. Attached hereto as **Exhibit 15** is a true and correct copy of W3K's complaint in this case, filed on November 13, 2014 (Dkt. No. 1).

17. Attached hereto as **Exhibit 16** is a true and correct copy of the "SESAC Publisher Affiliation Agreement" between SESAC, LLC and Honey Butter Music, dated March 5, 2013.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the "Supplemental Agreement" between SESAC, LLC, and We3Songs, dated effective as of October 31, 2013.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the "Amendment to the Second Publisher Supplemental Agreement" between SESAC, LLC and WeThreeKings, Inc. d/b/a We3Songs, Walter Anthony Brandt d/b/a Honey Butter Music, Walter Anthony Brandt, and William Joseph Brandt, dated effective as of August 14, 2015.

20. Attached hereto as **Exhibit 19** is a true and correct copy of an email, dated October 5, 2015, from Alan Dowling, counsel for W3K, to Barry Slotnick and David Grossman, counsel for Defendants, and others. The email attached a letter, also dated October 5, 2015, from Bill Brandt.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

3

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

21. Attached hereto as **Exhibit 20** is a true and correct copy of the October 1, 2016, email from Alan Dowling to me, and the fourteen documents transmitted with that email "in response to Endemol's First Set of Requests for Production," purporting to be "copies of the certificates of regis[t]ration that We 3 Kings has received from the US Copyright Office, along with two Excel spreadsheets containing lists of the works included in each of the respective registrations pertaining to those certificates."

22. Plaintiff has not produced any documents which identify any author as preparing works for W3K as commissioned works.

23. Attached hereto as **Exhibit 21** is a true and correct copy of Defendant Tegna Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

24. Attached hereto as **Exhibit 22** is a true and correct copy of Defendant Hearst Television Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

25. Attached hereto as **Exhibit 23** is a true and correct copy of Defendant Media General, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

26. Attached hereto as **Exhibit 24** is a true and correct copy of Defendant LIN Television Corporation's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

27. Attached hereto as **Exhibit 25** is a true and correct copy of Defendant Local TV, LLC's March 9, 2017, Amended Responses to Plaintiff's First Set of Interrogatories.

28. Attached hereto as **Exhibit 26** is a true and correct copy of Defendant Nexstar Broadcast Group, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

4

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

29. Attached hereto as **Exhibit 27** is a true and correct copy of Defendant Sinclair Broadcast Group, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

30. Attached hereto as **Exhibit 28** is a true and correct copy of Defendant Cox Media Group, LLC's March 22, 2017, Second Amended Responses to Plaintiff's Interrogatories, Set One.

31. Attached hereto as **Exhibit 29** is a true and correct copy of Defendant Tribune Broadcasting Company, LLC's March 9, 2017, Amended Responses to Plaintiff's First Set of Interrogatories.

32. Attached hereto as **Exhibit 30** is a true and correct copy of Defendant UP Entertainment, LLC's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

33. Attached hereto as **Exhibit 31** is a true and correct copy of Defendant Raycom Media, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

34. Attached hereto as **Exhibit 32** is a true and correct copy of Defendant Time Warner Cable, Inc.'s March 9, 2017, Amended Responses to Plaintiff's First Set of Interrogatories.

35. Attached hereto as **Exhibit 33** is a true and correct copy of Defendant DIRECTV, LLC's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

36. Attached hereto as **Exhibit 34** is a true and correct copy of Defendant AT&T Services, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

37. Attached hereto as **Exhibit 35** is a true and correct copy of Defendant Comcast Corporation's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13438984
222309-10004

5

LEE DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

1  38. Attached hereto as **Exhibit 36** is a true and correct copy of Defendant Dish Network L.L.C.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

39. Attached hereto as **Exhibit 37** is a true and correct copy of Defendant RCN Telecom Services, LLC's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

40. Attached hereto as **Exhibit 38** is a true and correct copy of Defendant Verizon Corporate Services Group, Inc.'s November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

41. Attached hereto as **Exhibit 39** is a true and correct copy of Defendant Charter Communications, Inc.'s March 9, 2017, Amended Responses to Plaintiff's First Set of Interrogatories.

42. Attached hereto as **Exhibit 40** is a true and correct copy of Defendant Bright House Networks, LLC's March 9, 2017, Amended Responses to Plaintiff's First Set of Interrogatories.

43. Attached hereto as **Exhibit 41** is a true and correct copy of Defendant Frontier Communications Corporation's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

44. Attached hereto as **Exhibit 42** is a true and correct copy of Plaintiff's October 5, 2015, Response and Objections to Defendant [Endemol's] First Set of Requests for Production of Documents.

45. Attached hereto as **Exhibit 43** is a true and correct copy of (i) a January 30, 2016 letter agreement between The Music Kitchen, Inc. and W3K; (ii) an April 2012 agreement between Scoredog Music, Inc. and W3K; (iii) a January 1, 2010 agreement between W3K and Jomark Publications; (iv) a March 1, 2012 agreement between W3K and Marion Recording Studio Inc.; and (v) an October 1, 2011 agreement between Marvin Andrew Paige and W3K.

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

13438984
222309-10004

6

LEE DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

46. Attached hereto as **Exhibit 44** is a true and correct copy of an email thread between Bill Brandt, Walter Brandt, Teresa Pitt (from SESAC), and others, dated August 12, 2014, through August 12, 2014.

47. Attached hereto as **Exhibit 45** is a true and correct copy of a spreadsheet purporting to be a list of instances of works downloaded and copied from the W3K online library by Deep Dish.

48. Attached hereto as **Exhibit 46** is a true and correct copy of Defendant NBCUniversal Media, LLC's November 30, 2016, Amended Responses to Plaintiff's First Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 19, 2017, at Los Angeles, California.

                */s/ Edward K. Lee*
                Edward K. Lee