UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-8816 DSF (ASx) | Date | 6/23/17 |
|---|---|---|---|
| Title | We 3 Kings, Inc. v. The Steve Harvey Show, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion for Summary Judgment (Dkt. No. 155)

Defendants move for summary judgment in this copyright case on several grounds. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 26, 2017 is removed from the Court's calendar. The motion is largely unpersuasive.[1]

There are significant disputed questions of material fact surrounding the purported licensing agreement. According to Defendants, the agreement was entered into by Keith Volpone, a shareholder in Plaintiff We 3 Kings, Inc., on behalf of We 3 Kings. There are serious questions as to Volpone's actual authority to do this; the only evidence before the Court suggests that he had no actual authority to alter a previously drafted agreement prepared by others. Defendants are on stronger ground with respect to Volpone's apparent authority, but there is a legitimate dispute on this point as well. Neither side directly addresses the evidentiary strengths of the other. Plaintiff's story is, essentially, that individuals at We 3 Kings other than Volpone were the ones directly negotiating the agreement with employees and outside attorneys for the production companies

---

[1] The parties have submitted numerous objections to evidence. Sufficient admissible evidence relied on by the Court – primarily material from the declarations of William Brandt, Joel Wertman, and Jonna Walsh – establishes that significant disputes of material fact exist regarding the purported license and that Plaintiff did not incontrovertibly intend to mislead the Copyright Office in acquiring the copyright registrations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

responsible for The Steve Harvey Show. In this telling, Volpone had more of a client relationship role and was not involved in the details of the agreement prior to his allegedly unauthorized altering of the proposed licensing agreement. Defendants attempt to deny that others at We 3 Kings were involved in negotiating and drafting the agreement, but they provide no actual evidence to contradict Plaintiff's sworn declarations on this point. For their part, Defendants' story is that Volpone was their primary contact at We 3 Kings who seemed to have authority to make agreements and was the one who conveyed We 3 Kings' negotiating position. Plaintiff does not directly contradict this or provide much information at all regarding the exact scope and nature of Volpone's interactions with the Defendant production companies. Where the Court has been given sketchy, incomplete facts, inferences have to be made in favor of the non-moving party and summary judgment has to be denied.

Defendants' registration impropriety and "chain of title" arguments do not provide a basis for summary judgment. "[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." Urantia Foundation v. Maaherra, 114 F.3d 955, 963 (9th Cir. 1997); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 852-53 (9th Cir. 2012). There is no evidence that the alleged errors made in the registration of the copyrights at issue were intentional, were intended to mislead the Copyright Office, or that Defendants relied on the mistakes. Defendants have not established that Plaintiff knew that the authors of the compositions were not employees for these purposes, let alone that Plaintiff understood that the "work for hire" status of the compositions was effected by employment status. In a related argument, Defendants assert that Plaintiff cannot establish its ownership and right to enforce the copyrights. But registration of a copyright creates a presumption of ownership, Micro Star v. Formgen Inc., 154 F.3d 1107, 1109-1110 (9th Cir. 1998), and Defendants have done little more than assert that Plaintiff has not proven ownership or, at most, that Plaintiff *may* not own some of the component compositions at issue.[2] This is insufficient for summary judgment.

There is more merit to Defendants' argument regarding late registered copyrights. Defendants are correct that suit cannot be maintained if a copyright application had not

---

[2] The evidence cited by Defendants may support a conclusion that Plaintiff does not own all of the compositions in its library, but fails to connect that fact with any composition actually at issue in this case. See SUF 285, 321, 348.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

been submitted to the Copyright Office prior to the filing of the complaint. 17 U.S.C. § 411(a). It is undisputed that only one of the copyrights possibly at issue[3] – PAu 3-752-503 – was submitted to the Copyright Office prior to the filing of the First Amended Complaint. Plaintiff previously attempted to amend the complaint to allow it to assert later registered copyrights, but that motion was denied by the Court as untimely and prejudicial to Defendants. Therefore, summary judgment is granted – without prejudice – as to any copyrights other than PAu 3-752-503.

There is no dispute that the broadcaster defendants had blanket licenses from SESAC that covered public performance of the works in question. Plaintiff tries to assert that there might be other rights at issue other than public performance, but fails to identify any theory for such liability. By statute, the cable and satellite operator defendants have no copyright liability where they had no control over the content or selection of the primary transmission and were only a conduit for the work of others. See 17 U.S.C. § 111(a)(3), (a)(4), (c)(1). Plaintiff vaguely claims that the broadcaster, cable, and satellite defendants might have liability under a vicarious or contributory infringement theory, but provides no argument explaining the source of such liability separate from the transmissions of the program that they were legally allowed to make either by license or by statute. Defendants attempt to lump Defendant NBCUniversal – the show's distributor – in with the broadcaster, cable, and satellite defendants, but the Court is provided with no argument as to why this should be the case other than via the purported licensing agreement, which may or may not be valid. Therefore, summary judgment is denied as to NBCUniversal.

Defendants are correct that no statutory damages or attorney's fees can be awarded for infringements prior to the registration date of October 29, 2017. 17 U.S.C. § 412. They are also correct that because mere re-broadcasts of previously infringing material are part of the same ongoing, continuing infringement, the first infringement with respect to any given episode must have occurred after the registration date. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701 (9th Cir. 2008) (affixing infringing "hang-tag" to new clothing distributed after copyright registration "does not transform those distributions into many separate and distinct infringements").

The motion is GRANTED with respect to all copyrights other than PAu 3-752-503, with respect to the broadcast, cable, and satellite operator defendants, and with respect to statutory damages and attorney's fees. The motion is DENIED in all other respects.

---

[3] The First Amended Complaint is vague as to the exact copyrights at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

IT IS SO ORDERED.