UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-8816 DSF (ASx) | Date | 7/24/17 |
|---|---|---|---|
| Title | We 3 Kings, Inc. v. The Steve Harvey Show, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion for Reconsideration (Dkt. No. 214)

Plaintiff has moved for reconsideration of the Court's June 23, 2017 summary judgment order on several grounds. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 31, 2017 is removed from the Court's calendar.

In the Central District of California, a motion for reconsideration may be made only on grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18

When evaluating the original motion for summary judgment, the Court believed that only one copyright registration possibly at issue had an effective date prior to the filing of the First Amended Complaint (FAC). That appears to have been in error. A second copyright, SRu 1-229-288, was submitted to the Copyright Office prior to the filing of the FAC. However, Plaintiff failed to point this fact out to the Court in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

original briefing. It was only presented in a declaration and as one of Defendants' material facts – #204 – and again as two of Plaintiff's facts – #190 and #192 – with no connection in the briefing to point out its relevance. "The district judge is not required to comb the record to find some reason to deny a motion for summary judgment." Forsberg v. Pac. Nw. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988).[1] Nonetheless, as it is undisputed that SRu 1-229-288 was effective prior to the filing of the FAC, the Court grants the motion to reconsider in this regard and will allow prosecution of claims related to that registration in this action.[2]

Reconsideration is denied regarding the Court's holding that statutory damages and attorney's fees cannot be awarded. No statutory damages or attorney's fees can be awarded for infringements prior to the registration of a copyright. 17 U.S.C. § 412. Re-broadcasts of previously infringing material are part of the same ongoing, continuing infringement so the first infringement with respect to any given episode must have occurred after the registration date. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701 (9th Cir. 2008) (affixing infringing "hang-tag" to new clothing distributed after copyright registration "does not transform those distributions into many separate and distinct infringements"). Defendants provided evidence that no original air date of any episode with content covered by the copyrights at issue occurred after November 18, 2014. All copyrights possibly at issue other than PAu 3-752-503 were effective after that

---

[1] In this regard, the Court notes that Defendants' Response to Plaintiff's Statement of Genuine Disputes – the document with all of the purported facts and objections at issue – is 417 pages long. It is obvious that the onus must be on the parties to highlight truly relevant facts rather than to take the position that "it's in there somewhere" and the district judge should go find it.

[2] The Court adopts the common view that a registration effective prior to the filing of an amended complaint can be prosecuted in the action even if the registration was not effective prior to the filing of the original complaint. "The notion that the supplemental pleading cures the technical defect, notwithstanding the clear language of § 411, is consistent with the principle that technicalities should not prevent litigants from having their cases heard on the merits." Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 366 (5th Cir. 2004); see also M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990) ("The amended complaint submitted by MGB contained all of the required allegations. On its face it asserted that the trial court had jurisdiction over the new infringement action. Except for the technical distinction between filing a new complaint and filing an amended complaint, the case would have been properly filed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

date.[3]  Plaintiff merely responded "DISPUTED," with no supporting evidence.  This is not sufficient to create a dispute of fact.

Plaintiff's argument regarding the Broadcaster Defendants' SESAC licenses is meritless.  Plaintiff failed to provide any evidence disputing Defendants' declarations and supporting exhibits.  Plaintiff provided the following unhelpful response to each relevant statement of fact: "DISPUTED. Objection: Vague, no foundation, and calls for speculation. This Defendant has not, in this action, identified every 'broadcast station owned or operated by' it, and Plaintiff has no independent knowledge of them."[4]  The objections were boilerplate and unhelpful and the declarants were people within the Broadcaster Defendant companies who would be appear to be competent to testify as to the Broadcaster Defendants' contractual relationships.  Plaintiff now attempts to support its evidentiary objections with more argument – including arguments that were completely absent from the original briefing, such as those attacking the exhibits.  A motion for reconsideration is not the place to "do-over" things that should have been done better in the original briefing.  The Court did not fail to consider any facts before it on this issue.

Finally, Plaintiff seeks to reargue whether the remaining copyrights should be part of this case despite the Court now having essentially ruled three times that they will not be part of this case.  Reconsideration on this point is – yet again – denied.

The motion to reconsider is GRANTED with respect to the SRu 1-229-288 copyright claims and is DENIED in all other respects consistent with this order.

IT IS SO ORDERED.

---

[3] The last original air date for programming using materials covered by the PAu 3-752-503 registration was slightly earlier – October 13, 2014 – but the effective date of PAu 3-752-503 was October 29, 2014.

[4] Plaintiff's separate evidentiary objections objected to the testimony on the basis of "No authentication; no foundation."